Citation Nr: 1546227 
Decision Date: 10/30/15 Archive Date: 11/10/15

DOCKET NO. 10-36 393 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to a total disability rating for individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARINGS ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. Nye, Associate Counsel
INTRODUCTION

The Veteran served on active duty from June 1974 to December 1975.

This matter comes to the Board of Veterans' Appeals (Board) from a rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Wichita, Kansas. Jurisdiction more recently appears to be with the St. Louis, Missouri, RO.

In March 2013, the Veteran testified at a videoconference hearing before the undersigned Veterans Law Judge. A transcript of that hearing is of record. The record also includes the transcript of an earlier personal hearing before a Decision Review Officer at the RO in Wichita, Kansas.

The Veteran's claims folders are now encompassed completely in Virtual VA and Veterans Benefits Management System (VBMS) electronic folders.

For the reasons below, the appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran meets the schedular criteria for TDIU. In the course of developing his claim, the AOJ obtained records from the Social Security Administration (SSA), which indicate that he has been totally disabled under their provisions since August 2011.

In support of his claim, the Veteran completed Form 21-8940 ("Veteran's Application for Increased Compensation Based on Unemployability") and submitted it to VA in February 2015. It identified one previous employer, a retail establishment in Kansas City, Missouri, and indicated that the Veteran worked there as a full-time employee from June 2008 until August 2011. 

The AOJ sought information about the Veteran's work from the employer identified on his Form 21-8940. In April 2015, VA received information from the employer, which identified the Veteran as a current employee and indicated he had been working 40 hours per week since January 2015. On the afternoon of the same day that VA received this information, it received a facsimile message stating that the "information submitted was in error. A corrected form will be re-submitted." This message did identify the sender, and further identified the Veteran by name and file number and referred specifically to the form previously submitted by the employer. The message further explained that, "[i]f I can be of assistance regarding this matter, please contact me at [two telephone numbers]." One of the numbers given was identified by the Veteran as the number of his former employer in his Form 21-8940. It is not clear whether anyone at VA attempted to call either of these numbers to clarify the reason for the conflicting reports.

In May 2015, the Veteran's former employer submitted additional employment information on a form accompanied by a facsimile cover sheet, which explained that "there is little information available due to our System purging shortly after [the Veteran] severing his employment with [employer]. The form has been completed with the information available." According to the May 2015 form, specific information about the Veteran's earnings was unavailable, but he worked for the employer until August 2011 and was "unable to return due to medical condition." 

There is further potentially contradictory evidence on file. The Veteran claims that he last worked in August 2011 as a truck driver. The employer form lists his work as a "Brand Sales Associate." It is not clear what work was actually performed.

The AOJ denied the claim for a total rating based on unemployability, on the grounds that the Veteran was employed full-time since January 2015 and therefore ineligible for TDIU. Because there is evidence indicating that this information was possibly mistaken, the case must be remanded to clarify the nature of the Veteran's employment, if any, since August 2011. 

If the April 2014 information from the Veteran's employer was incorrect, then, in order to establish a comprehensive picture of the Veteran's capabilities, a Social and Industrial Survey or a Vocational Rehabilitation Survey should be conducted.

Accordingly, the case is REMANDED for the following action:

1. The AOJ should afford the veteran the opportunity to submit employment records supporting his contention that his service connected disabilities preclude employment. As part of this development, the AOJ should write to the Veteran and to the employer identified in the Form 21-8940 submitted in February 2015, and seek to clarify whether the Veteran performed work for that employer in 2015 and the reasons, if any are known, why the employer indicated to the AOJ in April 2015 that the Veteran was a current employee at that time, e.g., did the person responding to the request confuse the Veteran with a different person? If the employer or the Veteran indicates that the Veteran did perform paid work for the employer in 2015, the AOJ should seek additional information clarifying the date the Veteran began working for the employer, his rate of pay, and his total earnings for the year. Any evidence obtained as a result of these instructions should be associated with the claims file.

The Veteran is also asked to clarify the work he did as either a truck driver or a "Brand Sales Associate" and explain the work that he did at least up until August 2011, if not after.

2. After the above development has been completed, to the extent possible, review any additional evidence and proceed with any other necessary development, which should include consideration of whether a social and industrial study or a vocational rehabilitation assessment should be obtained. A social and industrial study should be obtained unless the information obtained as a result of the development described in paragraph one of these instructions reveals that the Veteran has been performing full-time employment. 

3. Thereafter, readjudicate the Veteran's request for a total disability rating for individual unemployability due to service-connected disabilities. If the benefit sought is not granted, the appellant and his representative should be provided with a supplemental statement of the case and afforded an opportunity to respond. The matter should then be returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
MICHAEL D. LYON 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).